UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.                                    No. 00-4050

CHAD WILLIAM CARLTON,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-98-340, CR-99-14)

Submitted: October 12, 2000

Decided: October 19, 2000

Before WILLIAMS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

## COUNSEL

Anthony Lynch, LYNCH & TAYLOR, P.A., Marion, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Chad William Carlton appeals his convictions and sentence for eleven counts of bank robbery in violation of 18 U.S.C.A. § 2113(a) (West Supp. 2000). Carlton's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising the issue of whether the district court erred in enhancing Carlton's sentence pursuant to § 2B3.1(b)(2)(C) of the *U.S. Sentencing Guidelines Manual* ("USSG"). Counsel concedes, however, that there are no meritorious issues for appeal. Carlton filed a pro se supplemental brief, raising four additional issues: (1) he was denied effective assistance of counsel at sentencing; (2) he was denied effective assistance of appellate counsel; (3) the Government committed prosecutorial misconduct by suborning perjury; and (4) the district court failed to make written factual findings regarding objections to the presentence report as required by Fed. R. Crim. P. 32(c)(1). Finding no reversible error, we affirm.

First, we have reviewed Carlton's plea agreement and the Rule 11 colloquy and find that Carlton knowingly and intelligently waived his right to appeal. *See United States v. Broughton-Jones*, 71 F.3d 1143, 1146 (4th Cir. 1995). We therefore find that Carlton waived his right to appeal his sentencing enhancement pursuant to USSG § 2B3.1(b)(2)(C). Accordingly, we grant the Government's motion to dismiss this claim.

Second, our review of the record reveals that the two ineffective assistance of counsel claims are not cognizable on direct appeal. These claims are only cognizable on direct appeal where the record conclusively establishes ineffective assistance. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, Carlton must bring these claims in a motion under 28 U.S.C.A. § 2255 (West Supp. 2000). *See United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994).

Third, we find that Carlton's claim that the Government committed prosecutorial misconduct is without merit as Carlton fails to submit any evidence to support this claim.

Finally, we find that the district court satisfied the requirements of Fed. R. Crim. P. 32(c)(1) by expressly adopting the findings of the PSR. *See United States v. Walker*, 29 F.3d 908, 911 (4th Cir. 1994).

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Carlton's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART, AFFIRMED IN PART*